
```
Case 7:24-cv-02696-NSR   Document 9   Filed 05/17/24   Page 1 of 3
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR MUNOZ ZULETA,

                      Plaintiff,

-against-

J. KROM, DEPUTY SUPERINTENDENT OF ADMINISTRATION; P. PAGE-CANNONIER, ACTING NURSE ADMIN; DR. M. GUSMAN,

                      Defendants.

24-CV-2696 (NSR)

ORDER OF SERVICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/2024

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, who is incarcerated at Sullivan Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants failed to provide necessary medical attention to treat Plaintiff's hernia condition during his incarceration at Sullivan. By order dated May 14, 2024, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

    [1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

    [2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendants J. Krom, P. Page-Cannonier, and Dr. M. Gusman through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this Order and an information package to Plaintiff at the address listed on ECF and to show service on the docket.

SO ORDERED.

Dated:   May 17, 2024
         White Plains, New York

                                                              _____
                                                              NELSON S. ROMÁN
                                                              United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. J. Krom, Deputy Superintendent of Administration
   Sullivan Correctional Facility
   325 Riverside Drive
   PO Box 116
   Fallsburg, NY 12733

2. P. Page-Cannonier, Acting Nurse Administrator
   Sullivan Correctional Facility
   325 Riverside Drive
   PO Box 116
   Fallsburg, NY 12733

3. Dr. M. Gusman
   Sullivan Correctional Facility
   325 Riverside Drive
   PO Box 116
   Fallsburg, NY 12733